UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BILLY GUNTER, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:20-cv-01352-JRS-MJD |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) |

**Order Denying Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and
Directing Entry of Final Judgment**

On November 1, 2019, Petitioner Billy Gunter was sentenced in this Court for Conspiracy to Possess with the Intent to Distribute and to Distribute 50 grams or more of Methamphetamine. *See United States v. Gunter,* 1:18-cr-99-TWP-DML-2 at dkt. 107. Gunter is now an inmate of the Indiana Department of Correction at the Correctional Industrial Facility. He brings this action pursuant to 28 U.S.C. § 2241 alleging that his federal sentence has been incorrectly calculated. Dkt. 1. Specifically, Gunter asserts that the Bureau of Prisons (BOP) incorrectly denied him 490 days of jail credit toward his federal sentence. He seeks jail-time credit from July 18, 2018, through November 19, 2019. Dkt. 2. For the reasons explained below, Gunter's petition is denied.

**I. Standard of Review**

The Attorney General is responsible for calculating a federal prisoner's period of incarceration for the sentence imposed, and to provide credit for time served, for offenses committed after November 1, 1987. 18 U.S.C. § 3585; 28 C.F.R. § 0.96; *United States v. Wilson*, 503 U.S. 329, 331-32 (1992). The Attorney General has delegated that authority to the BOP. *See* 28 C.F.R. § 0.96. An inmate may challenge the BOP's computation of his sentence pursuant to 28 U.S.C. § 2241. *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006), *cert. denied*, 549 U.S.

1152 (2007) ("Prisoners are entitled to administrative review of the computation of their credits . . . and after properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241"); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) ("[C]hallenges to the computation of a sentence must be brought under 28 U.S.C. § 2241.").

## II. Factual and Procedural Background

On February 1, 2018, Gunter was arrested in Cass County on a warrant for a probation violation in Cause No. 09D01-1612-F6-000328, as well as charges of Dealing Methamphetamine, Possession of Methamphetamine, and Maintaining a Common Nuisance under Cause No. 09-D02-1802-F2-000003. Dkt. 3-1 at ¶ 5.

On June 12, 2018, Gunter was indicted in the Southern District of Indiana for Conspiracy to Distribute a Controlled Substance. *Id*. at ¶ 6.

On July 3, 2018, Gunter was sentenced in Cass County Superior Court for the probation violation in Case No. 09D01-1612-F6-000328 to a 365-day term of imprisonment with 182 days suspended, and 152 days of prior custody credit. *Id*. at ¶ 7.

Also on July 3, 2018, Gunter was sentenced in Case No. 09D02-1802-F2-000003 to a 7,300 day term of imprisonment for Dealing Methamphetamine, with 1,460-days of this term suspended, which was ordered to be served consecutively to Case No. 09D01-1612-F6-000328. *Id.*

On July 18, 2018, Gunter was borrowed from state custody by the United States Marshal Service (USMS) via a writ of habeas corpus ad prosequendem. *Id.* at ¶ 8. Gunter remained in the

2

primary custodial authority of the State Indiana and the Indiana authorities did not relinquish custody by bail or parole. *Id.* at ¶ 16.

On November 1, 2019, Gunter was sentenced in the United States District Court for the Southern District of Indiana to a 150 month term of imprisonment for Conspiracy to Possess with the Intent to Distribute and to Distribute 50 Grams or more of Methamphetamine in Cause No. 1:18-cr-00099-002. The Court ordered this term to be served concurrently with Cass County Case No. 09D02-1802-F2-000003. *Id.* at ¶ 10. On November 19, 2019, Gunter was returned to the Indiana Department of Corrections to complete his state sentence. *Id.* at ¶ 11.

The BOP prepared a sentence computation in Cause No. 1:18-cr-00099-002, based on the 150-month concurrent term of imprisonment, which commenced on the date of imposition; November 1, 2019. No prior custody credit was awarded, but Gunter did receive credit for his federal sentence beginning November 1, 2019. Gunter is presently projected to earn 674-days of Good Conduct Time (GCT). This results in a projected federal release date of June 26, 2030, via a GCT release. *Id.* at ¶ 12.

### III. Discussion

Gunter is requesting 490 days of jail credit toward his federal sentence, for the time period between July 18, 2018, through November 19, 2019. The United States argues that Gunter's request is barred by the plea waiver and his federal sentence has been properly calculated.

First, the United States' argument that this petition is barred by Gunter's plea agreement waiver is rejected. The plea waiver states in relevant part:

> **Later Legal Challenges:** Additionally, the defendant expressly agrees not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255.

3

Crim. Dkt. No. 70 at ¶ 24. This § 2241 petition is not an attack on the conviction or sentence imposed by the Court. It is a challenge to the BOP's calculation of that sentence. As such, it is outside the scope of the plea waiver, such that the Petition shall be considered on the merits.[1]

Turning to the merits, Gunter's claim for 490 days of jail credit toward his federal sentence, for the time period between July 18, 2018, through November 19, 2019, will now be considered.

Credit for prior custody is specifically addressed by 18 U.S.C. § 3585(b), which provides:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

*Id.* The Seventh Circuit has made clear that § 3585(b) forbids the BOP from giving prior custody credit when that credit has been applied to another sentence. *See Grigsby v. Bledsoe*, 223 F. App'x 486, 489 (7th Cir. 2007); *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000). Yet, that is what Gunter seeks in this case.

Gunter's sentence commenced on November 1, 2019. This is the earliest date possible to effectuate a concurrent sentence. The United States has provided evidence that reflects that Gunter

---

[1] Gunter's reply argues that he asked his attorney when he was pleading guilty whether he would receive the jail credit he now seeks and was assured that he would in fact receive this credit time. What Gunter's attorney told him is irrelevant to whether the BOP has miscalculated the sentence imposed by the Court.

already received the credit time from November 1 through November 18, 2019, that he now seeks. As to the remaining time period--July 18, 2018, through November 1, 2019--the evidence reflects that this time has already been credited against other sentences. Dkt. 3-1 at ¶ 15. Thus, § 3585(b) precludes the application of credit for time that has already been credited against another sentence. Under these circumstances, Gunter has failed to demonstrate any error in the calculation of his sentence by the BOP.

### IV. Conclusion

Because there has been no error in the computation of the federal sentence, Gunter's petition for writ of habeas corpus is **denied** and the action **dismissed with prejudice**. Judgment in accordance with this Order shall issue.

**IT IS SO ORDERED.**

Date: 9/29/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

BILLY GUNTER
223705
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

All Electronically Registered Counsel